**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**CRIMINAL ACTION NO.**

**UNITED STATES OF AMERICA**                                **PLAINTIFF**

V.                               **PLEA AGREEMENT**

**SHAWN K. CURRY**                                **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count of the information, charging a violation of 18 U.S.C. § 242, deprivation of rights under color of law.

2. The essential elements of the sole count of the information are:

   (a) The Defendant was acting under color of law;

   (b) The Defendant deprived B.B. of a right secured and protected by the Constitution and laws of the United States, specifically the right to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer;

   (c) The Defendant acted willfully, and;

   (d) The offense resulted in bodily injury to B.B.

3. As to the sole count of the information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts are true and accurate. The following facts do

not encompass all of the evidence that would have been presented had this matter gone to trial:

(a)  On September 3, 2021, the Defendant was on duty and acting in his official capacity as an officer with the Manchester Police Department ("MPD").  He and other officers were made aware of a 911 call from a pool hall outside the Manchester city limits.  The dispatcher relayed that someone was fighting with the owner of the pool hall and would not leave.  Dispatch also relayed a description of the aggressor as wearing a blue shirt and tan shorts.

(b)  The Defendant and another MPD officer arrived at the pool hall and encountered a man matching the aggressor's description chasing another man; this other man was holding a pool stick.  As the other man, later determined to be the owner of the pool hall, ran away from the Defendant, the Defendant tased him in the back and used force on him.

(c)  After his uses of force on the owner, the Defendant went into an adjoining room where the other MPD officer and a Kentucky State Police ("KSP") trooper were attempting to arrest the aggressor.  That man, later identified as B.B., had been attempting to get away from officers.  The other MPD officer had taken B.B. to the ground and was delivering compliance strikes to B.B.'s back as the KSP trooper delivered a drive-stun from the taser.  While they were doing this, instead of attempting to cuff B.B.'s hands, the Defendant grabbed B.B.'s hair with one hand and delivered 5 blows to B.B.'s head and face with the other.  The Defendant knew from his training and experience at the time that this use of force was unreasonable and unlawful but used unlawful force anyway.  B.B. suffered bodily injury as a result of the Defendant's repeated strikes to his face.

(d)   When interviewed by a KSP sergeant later that evening, the Defendant knowingly falsely told the sergeant that he hit B.B. "on the left side of his shoulder/neck area because he was turning" towards the other MPD officer.  When the KSP sergeant directly asked the Defendant if he hit B.B. in the face, the Defendant once again knowingly falsely responded, "I was going for the shoulder. But I think one time I did make contact with his cheek.  He just wouldn't lay still." The Defendant also intentionally omitted any mention of his uses of force on either the owner or B.B. from his incident report and use of force memorandum, although he knew he was required to report them.  The Defendant intentionally misled the KSP supervisor and submitted false paperwork in an effort to obstruct or impede the administration of justice with respect to the investigation and prosecution of his unlawful use of force.

4. The statutory punishment for the sole count of the information is imprisonment for not more than ten years, a fine of not more than $250,000.00, and a term of supervised release of not more than three years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations. This recommendation does not bind the Court.

   (a) United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

   (b) Pursuant to U.S.S.G. § 2H1.1(a)(3), the base offense level is level 10 because the offense involved the use of force against a person.

   (c) Pursuant to U.S.S.G. § 2H1.1(b)(1) (color of law), increase the offense level by 6 levels.

   (d) Pursuant to U.S.S.G. § 3C1.1, increase the offense level by 2 levels because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation or prosecution of the conduct described in the sole count of the information.

   (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The United States will recommend releasing the Defendant under conditions of release for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky, the Criminal Section of the Civil Rights Division, and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER IV
UNITED STATES ATTORNEY

Date: 8/12/24   By: _____
Zach Dembo
Assistant United States Attorney

KRISTEN M. CLARKE
ASSISTANT ATTORNEY GENERAL
Civil Rights Division

Date: 8/12/24   By: _____
Tara Allison
Trial Attorney

Date: 8-12-24   _____
Shawn K. Curry
Defendant

Date: 8/12/24   _____
Jarrod Beck
Attorney for Defendant

Date: 8-12-24   _____
Brandon Storm
Attorney for Defendant