UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:24-CR-47-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SHAWN K. CURRY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 7 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Shawn K. Curry's guilty plea and adjudge him guilty of the Information.  *See* DE 6 (Information); DE 10 at 2 (Recommendation of Acceptance of Guilty Plea).  Judge Ingram expressly informed Curry of his right to object to the recommendation and secure *de novo* review from the undersigned.  *See* DE 10 at 3.  The established objection period has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 10, **ACCEPTS** Curry's guilty plea, and **ADJUDGES** Curry guilty of the Information; and

2. The Court will issue a separate sentencing order.[1]

This the 19th day of August, 2024.

**Signed By:**

*Robert E. Wier*

**United States District Judge**

---

[1] Subject to intervening orders, Curry will remain on bond pending sentencing, preserving his status following Judge Ingram's Order setting conditions of release.  *See* DE 11.  This does not appear to be a mandatory detention case under § 3143, and (per the parties' positions and Judge Ingram's processing) Curry will remain under the DE 11 release terms pending sentencing, absent an intervening order.