UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | No. 6:24-CR-47-REW-HAI |
| v. | ) ) | |
| | ) | SENTENCING ORDER |
| SHAWN K. CURRY, | ) ) | |
| Defendant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

To proceed under the Sentencing Reform Act, the Court **ORDERS** as follows:

1. The Court schedules sentencing for **December 11, 2024** at **1:30 p.m.** at the United States Courthouse in London, Kentucky.

2. If the case involves a notice under 21 U.S.C. § 851, Defendant must file any challenge or objection to (or written denial of) any involved conviction, under that statute, **no later than 30 days** after the date, as applicable, of a) return of a guilty verdict at trial or b) acceptance of a guilty plea by the District Judge.

3. Defendant and counsel shall schedule an interview with the United States Probation Office (USPO) **within 5 days** of conviction. The actual interview shall occur **not later than 2 weeks** from the date of conviction.

4. **Not less than 35 days** prior to sentencing, the USPO shall provide a copy of the Presentence Investigation Report (PIR) to Defendant and counsel for the Defendant and the United States. **Within 14 days thereafter**, counsel shall submit in writing, to the USPO and to opposing counsel, any and all objections to the PIR. *See*

Fed. R. Crim. P. 32(f)(1)–(2). **Within 5 days** of any such objection(s), opposing counsel may respond in writing. After receiving any objection(s) and response(s), the USPO shall conduct any further investigation and make any appropriate revisions to the PIR. The USPO may require additional meetings with counsel for both parties to address unresolved factual and / or legal issues. *See id.* 32(f)(3).

5. **Not less than 10 days** prior to sentencing, the USPO shall submit the PIR (as well as any objections of counsel and any USPO addendum setting forth unresolved objections and the USPO's comments thereon) to the undersigned. The USPO shall also provide any such addendum to Defendant and all counsel. **After this submission, the parties shall be responsible for raising issues with the Court by motion. The USPO shall not issue any subsequent addendum without permission of the Court. If the USPO believes that interim developments or new circumstances warrant an addendum, the writing officer shall contact Chambers for guidance.**

6. **Not less than 10 days** prior to sentencing, the parties shall, if applicable, file written notice of any objection(s) to the Court's preliminary forfeiture adjudication. *See* Fed. R. Crim. P. 32.2(b)(2)(B) & (b)(4). At sentencing, the United States shall address finalization of forfeiture, as applicable.

7. **Not less than 5 calendar days** prior to sentencing, each party shall file in the record, if and as appropriate:

    a. a memorandum regarding any unresolved objection(s) to the PIR that may impact the sentence and/or any request for specific sentence-related relief (*i.e.* a variance, etc.);[1] and

---

[1] No separate variance motion is required.

    b. a list of any witnesses that may be called at sentencing, including a brief summary and estimate of the length of each witness's anticipated testimony.

    c. Compliance with this filing deadline is critical to permit the Court and the opposing party adequate time for review and consideration of any sentencing memorandum / accompanying materials. **A party must address good cause for the tardy filing at the outset of any post-deadline sentencing memorandum. The Court will evaluate impact of untimely filing on a case-by-case basis. Adherence to the ¶ 7 deadline is expected, and noncompliance may result in the exclusion of late-filed materials or a hearing continuance.** The Court also may treat non-compliance with ¶ 7 as indicating lack of opposition on a substantive question.

8. **Not less than 5 calendar days** prior to sentencing, the United States shall file any appropriate motion for a downward departure or other relief pursuant to U.S.S.G. § 5K1.1 and / or 18 U.S.C. § 3553(e). The ¶ 7 deadline admonition and late-submission requirements apply equally to any filings under this paragraph.

9. If applicable, the United States shall, **not less than 5 days** prior to sentencing, file a notice in the record identifying any individual(s) it anticipates will seek to be heard as victims pursuant to 18 U.S.C. § 3771(a) & Fed. R. Crim. P. 32(i)(4)(B). The Government's notice **must** address the prosecution's position concerning any such individual's qualifying status under 18 U.S.C. § 3771(e)(2). Defendant may, **not less than 3 days** prior to sentencing, file any objections to the

3

notice content. [The parties shall, in any case within the ambit of 18 U.S.C. § 3509, tender the relevant filings **under seal**.]

10. If applicable, the United States shall, **not less than 5 days** prior to sentencing, file a notice in the record attaching any materials necessary to substantiate any anticipated restitution request (whether identified in the PIR or not). The Government's notice **must** also provide its theory regarding the victim status, *see, e.g.*, 18 U.S.C. § 3663(a)(2), of any proposed restitution recipient. Defendant may, **not less than 3 days** prior to sentencing, file any objections to the notice content. [The parties shall, in any case within the ambit of 18 U.S.C. § 3509, tender the relevant filings **under seal**.]

11. Unless the Court announces otherwise at sentencing, the conditions of supervised release will include all mandatory conditions listed in General Order 22-08 and in 18 U.S.C. § 3583(d), as well as any additional standard conditions listed in the PIR to which neither party objects. Defense counsel **shall notify Defendant** of all mandatory conditions in GO 22-08 and 18 U.S.C. § 3583(d) and all standard conditions recited in PIR and ensure that Defendant is aware of what the supervision conditions will likely be absent objection and/or Court modification. The Court attaches a copy of GO 22-08 to this Order.

12. The Government and USPO **shall** timely comply with all 18 U.S.C. § 3664 victim-linked restitution responsibilities.

13. The Court will modify this Order's dates and deadlines only for good cause and subject to Fed. R. Crim. P. 32(e)(2).

4

14. Nothing in this Order requires or authorizes the disclosure of any portion(s) of the PIR that are exempt from disclosure under Rule 32(i)(1)(B) and (d)(3). The Rule governs those matters.

15. Rule 32(e) governs disclosure mechanics. Electronic delivery to counsel of record is effective disclosure.

16. The disclosure of the PIR to a represented Defendant, which shall timely occur, is the responsibility of defense counsel.

17. As to a USPO sentencing recommendation, in order to balance the need for transparency in criminal cases (among the Court, Defendant, counsel, and the public) against legitimate interests justifying recommendation confidentiality, the Court declines to request any recommendation on the sentence from the USPO. *Cf.* Fed. R. Crim. P. 32(e)(3).

18. After sentencing, USPO shall electronically docket, under seal, a PIR copy.

19. The Clerk shall return to the United States the original, signed version of any plea agreement tendered to the Court.

This the 19th day of August, 2024.

Signed By:
*Robert E. Wier*   REW
United States District Judge